IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00433-KLM

JOSHUA LEBEY GOLDSWORTH,

    Applicant,

v.

EIGHTH JUDICIAL DISTRICT, LARIMER COUNTY, COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Respondents' **Motion for Stay of Order Granting Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#32][1] (the "Motion"). In the Motion, Respondents request that the Court stay the Order [#29] and Judgment [#30] entered on December 1, 2015, that ordered Applicant "released and discharged from his conviction of promotion of obscenity." *Final Judgment* [#30] at 1. Specifically, Respondents request "an order staying [the Court's] [O]rder and [J]udgment until December 31, 2015 . . . or until any appeal is complete, whichever is later." *Motion* [#32] at 5.

Respondents reply on Fed. R. App. P. 23(c) to support their argument that the Court's Order and Judgment should be stayed through the pendency of any appeal.

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Pursuant to Fed. R. App. P. 23(c),

> [w]hile a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. 23(c). As Respondents note, this Rule "creates a presumption in favor of a successful habeas petitioner's release." *Motion* [#32] at 3; *O'Brien v. O'Laughlin*, 557 U.S. 1301 (2009) (Order on Application for Stay by Justice Breyer acting as Circuit Justice for the First Circuit); *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody . . . ."); *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (J. Scalia concurring) ("[T]he prisoner who shows that his sentencing was unconstitutional is actually entitled to release, because the judgment pursuant to which he is confined has been invalidated . . . ."); *Barnett v. Hargett*, 166 F.3d 1220 (table decision) (10th Cir. Jan. 20, 1999) (quoting *Hilton*). However, that presumption "may be overcome if the traditional stay factors so indicate." *Hilton*, 481 U.S. at 777. The four factors traditionally considered when determining whether the presumption in favor of release, as ordered by this Court, should be overcome are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776.

Respondents argue that the Motion should be granted because these four factors outweigh the presumption of release in this case. First, Respondents maintain that "they have a strong likelihood of success of appeal" and that "[t]his factor alone supports granting

a stay." *Motion* [#32] at 4 (citation omitted). Respondents further argue that "the public interest and the possibility of irreparable harm weigh in favor of a stay." *Id.* Specifically, Respondents aver that even though Applicant is currently on supervised probation, the public has an interest in "ensuring that the validity of [Applicant's] conviction is determined by the judicial process and the rule of law." *Id.* Respondents do not address the second factor: potential irreparable injury to Applicant. *See generally, id.*

With regard to the first factor, Respondents offer only a conclusory argument that they are likely to succeed on the merits. While the Court is not infallible, without any substantive argument regarding the merits of an appeal, the Court finds that this factor weighs against a stay.

Respondents do not address the second factor. "The interest of the habeas petitioner in release pending appeal [is] always substantial" and is "strongest where the [other] factors . . . are weakest." *Hilton*, 481 U.S. at 777-78. In this case, as discussed in this Order, the other factors are weak and do not weigh in favor of a stay. As a result, the Court concludes that the second factor weighs against a stay.

With regard to the third factor, the only other parties interested in this proceeding are Respondents. Respondents do not offer any argument that they will be *injured* if the Order and Judgment is not stayed. Respondents cite to case law to support their argument that it is *preferable* for a court to stay the granting of a writ of habeas corpus to allow the state to exercise its right of appeal. *Id.* at 2-3. However, Respondents seem to ignore the complexity of those cases and primarily rely on a nonbinding case. Specifically, in *Wolfe v. Clark*, 718 F.3d 277, 288 (4th Cir. 2013), the appellate court held that the district court "was correct to order Wolfe's immediate release," but also found that the district court

3

"fashioned an overboard remedy . . . ." *Wolfe*, 718 at 278. That case involved an individual convicted of a capital offense. The district court granted the writ of habeas corpus and held that the state must "either provide [the applicant] with a new trial or unconditionally release him from custody" within 120 days of entry of the court's order. *Id.* at 285. The state did not retry the applicant within the time frame and, as a result, the district court ordered the applicant released. *Id.* at 287-88. Ultimately, the appellate court vacated the district court's order, not with regard to the release of the applicant, but with regard to the portion of the district court's order that specifically precluded retrial of the applicant:

> Pursuant to the foregoing, we vacate the district court's Order Enforcing Judgment and remand with instructions that the court enter a substitute order directing that Wolfe be released from the custody imposed as the result of his 2002 convictions, and, further, that those convictions be expunged and their legal effects nullified consistently with Wolfe II and this opinion. The order on remand shall be without prejudice to a retrial of the original charges against Wolfe, and it shall not preclude the conduct of such other and further proceedings in the state or federal courts as may be appropriate.

*Id.* at 291. Respondents rely on this case for the idea that the Court should grant a stay of indefinite duration because they may appeal the Court's Order and Judgment. This case does not stand for that proposition. Respondents also rely on *Bowen v. Maryland*, 799 F.2d 593 (10th Cir. 1986), a case in which the Tenth Circuit affirmed the district court's conclusion that the applicant's convictions were constitutionally infirm. *Id.* at 595. In that case the applicant had been convicted of three counts of first degree murder. *Id.* at 614. The Tenth Circuit stayed its mandate for 15 days to allow the state time to appeal the decision to the United States Supreme Court and further ordered that if the state did appeal, its decision would be stayed pending disposition by the Supreme Court. *Id.* The Tenth Circuit did not discuss the factors listed in *Hilton*, but that is likely because *Bowen*

pre-dates *Hilton*. In addition, the facts of *Bowen* are distinguishable from the instant case in which Applicant is already on supervised probation and was not convicted of a capital offense. After examining the case law and arguments offered by Respondents, the Court concludes that, at best, the third factor weighs neither in favor nor against a stay.

With regard to the fourth factor—the public interest—this factor cuts both ways. As the district court determined in *Wolfe v. Clarke*, 819 F.Supp.2d 574 (E.D. Va. 2011), the public has an interest "in maintaining the integrity of the judicial system" by allowing the state to appeal. *Id.* at 584. However, the public interest also favors release as directed by the Court as the presumption of Fed. R. App. P. 23 makes clear. *Id.* Therefore, the Court concludes that the fourth factors weighs neither in favor nor against a stay.

Considering the *Hilton* factors, the Court finds that Respondents have not overcome the "presumption of correctness to the initial custody determination . . . ." *Hilton*, 481 U.S. at 776. Accordingly, the Court concludes that the request for a stay must be denied. Notably, if Respondents appeal the Court's Order and Judgment, they may request a stay from the Tenth Circuit pursuant to Fed. R. App. P. 8(a). *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996) (discussing motion to stay writ of probation). For these reasons,

IT IS HEREBY **ORDERED** that the Motion [#24] is **DENIED**.

Dated: December 18, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge